# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 16, 2022

Lyle W. Cayce
Clerk

No. 21-50779
consolidated with
No. 21-50793
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Benjamin Perez-Jimenez,

*Defendant—Appellant*.

Appeals from the United States District Court
for the Western District of Texas
USDC No. 4:21-CR-391-1
USDC No. 4:21-CR-210-1

Before Davis, Jones, and Elrod, *Circuit Judges*.

Per Curiam:*

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-50779
c/w No. 21-50793

Benjamin Perez-Jimenez appeals his conviction and sentence for entry after deportation under 8 U.S.C. § 1326(a) and (b)(1), along with the revocation of the term of supervised release he was serving at the time of the offense. He has not briefed, and has therefore abandoned, any challenge to the revocation of supervised release or his revocation sentence. *See United States v. Reagan*, 596 F.3d 251, 254-55 (5th Cir. 2010).

For the first time on appeal, Perez-Jimenez contends that § 1326(b) is unconstitutional because it permits a defendant to be sentenced above the statutory maximum under § 1326(a) based on the fact of a prior conviction that was not alleged in the indictment or found by a jury beyond a reasonable doubt. He correctly concedes that the argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998). *See United States v. Pervis*, 937 F.3d 546, 553-54 (5th Cir. 2019). However, he wishes to preserve the issue for further review and has filed an unopposed motion for summary disposition. Because summary disposition is appropriate, *see Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969), Perez-Jimenez's motion is GRANTED, and the district court's judgments are AFFIRMED.